Gretchen V. O'Neal (State Bar No. 219837)

9541 W Frank Avenue

Peoria, Arizona 85382

Telephone: (310) 903-0213

E-mail: g@theoverseer.com


Attorney for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
March 23, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: VRV DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER N. O'NEAL, III, an individual,<br>　　　　Plaintiff,<br><br>　　vs.<br><br><br>SIDESHOW, INC., A California Corporation; INSIGHT EDITIONS, L.P., A California Limited Partnership; GREG ANZALONE, an individual; and DOES 1 through 10, inclusive,<br>　　　　Defendants. | Case No. 2:21-cv-07735-DSF-PLA<br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>**COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §106**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Courtroom: 7D**<br>**Judge: The Honorable Dale S. Fischer**<br>**Trial Date: February 28, 2023**<br>**Time: 08:30 a.m.** |

　　　　Pursuant to this Court's Order of January 26, 2022, Plaintiff files this Third Amended Complaint alleging as follows:

## THE PARTIES

　　1.　　Plaintiff Walter N. O'Neal, III ("O'Neal"), was at all times relevant to this complaint a resident of Los Angeles County, California.

- 1 -

2. Plaintiff is informed, believes, and thereon alleges, that at all times material to this complaint, Defendant Sideshow, Inc. ("Sideshow"), is and was a corporation organized and existing under the laws of the State of California, with a place of business at 2630 Conejo Spectrum Street, Thousand Oaks, California 91320 .

3. Plaintiff is informed, believes, and thereon alleges, that at all times material to this complaint, Defendant Insight Editions, L.P. ("Insight"), is and was a limited partnership organized and existing under the laws of the State of California, with a place of business at 800 A Street, San Rafael, California 94901.

4. Plaintiff is informed, believes and thereon alleges, that at all times material to this complaint, Defendant Greg Anzalone ("Anzalone") was a resident of Ventura County, California. On information and belief, Anzalone was an officer, employee, agent or other representative of Sideshow. At all times mentioned herein, Anzalone specifically authorized, directed, or participated in the unlawful and other wrongful conduct alleged herein, or specifically knew, or reasonably should have known that activity under his control could injure Plaintiff and he negligently failed to take appropriate action to avoid the harm. An ordinarily prudent person, knowing what Anzalone knew at the time, would not have acted similarly under the circumstances.

5. Plaintiff is presently unaware of the true names and capacities of the Defendants sued herein as DOES 1 to 10, inclusive, and therefore sues each of those Defendants by fictitious name. Plaintiff will seek to leave to amend this Complaint to allege the true name and capacity of each DOES Defendant when ascertained. For convenience, all references to "Defendants" shall be deemed to include all fictitiously named Defendants, and each of them, unless otherwise specifically alleged. Plaintiff alleges on information and belief that each DOE Defendant is in some manner legally responsible for the acts alleged in this cross-complaint and has proximately caused harm and injury to Plaintiff.

6. All references herein to "Defendants" shall be deemed to include all Defendants and each of them, unless otherwise specifically alleged.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned Defendants Sideshow, Insight, Anzalone, and Does 1 to 10, inclusive and each of them, were the agents, joint venturers, partners, representatives, or employees of each other and, in doing (or failing to do) the things alleged herein, were acting within the course, purpose, scope of their agency, joint venture, partnership, representatives, or employment. The acts, omissions, and conduct alleged herein of each such Defendant were known to, authorized and ratified by each such Defendant. It is further alleged, in the alternative, that some or each of the Defendants acted at times independently of all other Defendants to cause damage and injury to Plaintiff.

## JURISDICTION AND VENUE

8. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§101 *et seq*. Subject matter jurisdiction exists under 28 U.S.C. §1331, 17 U.S.C. §501 (a), and 28 U.S.C. §1338 (a).

9. Venue is proper in this District in accordance with 28 U.S.C. §§1391 (b) and (c) and 28 U.S.C. §1400 (a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California, which include, among others, soliciting and engaging in commercial transactions with California users.

## STATEMENT OF FACTS

### Background

10. Plaintiff is a freelance artist and sculptor in the "high-end" entertainment/pop culture collectibles industry from 2006 to present day.

11. Plaintiff entered into discussions with David Igo, an agent/employee of Defendant Sideshow, at the end of 2009, in an attempt to be considered for freelance work opportunities from Sideshow.

12. From the end of 2009 to August 2011, Plaintiff had engaged in consistent correspondence with David Igo, sending him works from Plaintiff's portfolio such as rough sketches of project ideas, etc., all in an attempt to hopefully secure full-time employment with Sideshow in the future.

13. On occasion, David Igo may offer Plaintiff a freelance work opportunity, but this work was intermittent at best, until Plaintiff was offered a full-time position as a concept artist at Sideshow in August 2011.

## The Artwork Forming the Subject Matter of this Dispute

14. Plaintiff has created multiple concept designs for sculptures during his 17-year long career, varying in stages of completion from rough sketches to fully detailed designs. The following is a list of the original drawings that constitute registered "works of visual art" under 17 U.S.C. §106, that are the subject of this complaint (the "Works"):

   a. "1-4 Batman Statue Design" - Registration Number VA0002225067
   b. "1-4 Green Lantern Statue (Rough)" - Registration Number VA0002258765
   c. "1-4 Sinestro Statue" - Registration Number VA0002258766
   d. "1-2 Batman Statue" - Registration Number VA0002255383
   e. "1-4 Batman Statue Design (Front View)" - Registration Number VA0002255381
   f. "1-1 Superman Bust" - Registration Number VA0002255380
   g. "1-1 Green Lantern Bust" - Registration Number VA0002255378
   h. "1-1 Joker Bust (Final)" - Registration Number VA0002225062
   i. "1-1 Batman Bust" - Registration Number VA0002225063

15. All of the Works have been registered with the United States Copyright Office in accordance with the law and Compendium of the U.S. Copyright Office Practices Chapter 313.4(H).

## The Defendants and the Infringement

16. Defendants Sideshow and Anzalone conceived of a book that was to include images and descriptive narratives regarding a collection of works manufactured and sold by Sideshow

- 4 -

featuring characters from the DC Comics "universe" of superheroes and villains. This book was titled "DC: Collecting the Multiverse: The Art of Sideshow" and was released November 17, 2020 (the "DC Book").

17. The DC Book was published by Defendant Insight pursuant to their license agreement with DC Comics/Warner Brothers Entertainment and offered for sale through both Defendants Sideshow and Insight's distribution marketplaces.

18. Unbeknownst to Plaintiff, the DC Book included artwork created by Plaintiff prior to his employ with Sideshow. These works were sent by Plaintiff to David Igo during 2009-2011, as samples of Plaintiff's work from his portfolio, rough sketches of project ideas, etc., all in an attempt to hopefully secure full-time employment with Sideshow in the future. An employee of Sideshow confirmed in a sworn statement that all of the artwork for the DC Book was taken from a general file server at Sideshow that includes artwork collected by Sideshow over the years, including "reference materials" not owned by Sideshow.

19. Without Plaintiff's knowledge, and as admitted by Anzalone, without Plaintiff's consent, The Works were altered, modified and included in the DC book, as well as promotions for the sale of the DC Book, as follows (see red squares for clarity where indicated):

   a. "1-4 Batman Statue Design" - Used **three** times as indicated below: on the Front-End Papers, the Back End Papers, and Page 48 of the DC Book










b. "1-4 Green Lantern Statue (Rough)" - Used on Pages 86-87 of the DC Book




- 6 -

c. "1-4 Sinestro Statue" - Used **two** times as indicated below: Page 54 and Page 67 of the DC Book







d. "1-2 Batman Statue" - Used on Page 212 of the DC Book




- 7 -

e. "1-4 Batman Statue Design (Front View)" - Used on Page 61 of the DC Book




f. "1-1 Superman Bust" – Used **four** times as indicated below: on the Front-End Papers, the Back End Papers, Pages 176-177, and Page 181 of the DC Book.





g. "1-1 Green Lantern Bust" - Used **four** times as indicated below: on the Front-End Papers, the Back End Papers, Page 177, and Page 183 of the DC Book

 











h. "1-1 Joker Bust (Final)" - Used **five** times as indicated below: Pages 43(three uses) and Page 184 of the DC Book, and a promotional card for websites.







i. "1-1 Batman Bust" - Used **two** times as indicated below: Pages 176 and 178 of the DC Book








20. None of the Works were created and/or paid pursuant to a "work for hire" agreement or employment agreement with Defendants Sideshow, Insight or Anzalone.

21. Plaintiff was never contacted regarding use of the Works, never granted oral or written permission, nor authorized any modifications of the Works as they now appear in the DC Book. Therefore, Plaintiff did not provide consent or permission for use of the Works in the DC Book or any advertisements in connection therewith. The Creative Director of the DC Book, Tom Gilliland, has also provided sworn testimony that Anzalone was aware that Plaintiff did not give permission to Sideshow for his involvement in any way with the DC Book.

22. Defendants Sideshow, Anzalone and Insight did not secure a license from Plaintiff for use of the Works in the DC Book or any advertisements in connection therewith.

23. In addition, Defendant Anzalone, the CEO of Sideshow, ordered his employees in an email to remove all mention of Plaintiff's name from the DC Book "for legal reasons", but to still include his artwork. This is clearly demonstrated by the removal of Plaintiff's name from a quote attributing him credit for his design work on the Batman Bust (*Work 19(i) above*), yet still using the Work without permission  (see original quote, then the quote as it appears in DC Book below).





24. On information and belief, Defendants' reproduction, distribution and public display of the Works, and derivatives thereof, by way of the DC Book, websites and other marketing campaigns continues unabated to this day.

**PLAINTIFF'S CAUSE OF ACTION**
**(Copyright Infringement)**
**(Against All Defendants)**

25. The allegations of Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. Plaintiff is the author and owner of the copyright in and to the Works, which constitute original material that constitute copyrightable subject matter under the laws of the United States.

27. Plaintiff has complied in all respects with the Copyright Act and all the laws of the United States governing copyrights. Each Work has been registered with the United States Copyright Office.

28. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's copyrights by reproducing, displaying and publicly distributing for profit the Works for purposes of trade in violation of 17 U.S.C. 501, *et seq* (specifically §106).

29. On information and belief, Defendants' acts of reproducing, distributing/selling, displaying and creating derivative copies of the Work as part of the DC Book and advertisements in connection therewith, constitute willful acts of infringement because, *inter alia*,

    a. Sideshow is a sophisticated, industry leader in the entertainment collectibles industry with full knowledge of federal copyright law and the basic requirement for licensing the use of copyrighted content for commercial exploitation and knows that it cannot use unauthorized works (and derivative works) of others without proper licenses or clearances.

    b. Sideshow was fully aware that Plaintiff was the author of the Works and acknowledged in writing that Sideshow and Anzalone did not secure Plaintiff's consent to be part of the DC Book in any way.

    c. Insight is a consistent publisher of books involving third party owned content in connection with the entertainment industry, with full knowledge of federal copyright law and the basic requirement for licensing the use of copyrighted content for commercial

1 exploitation and knows that it cannot use unauthorized works (and derivative works) of others
2 without proper licenses or clearances.

3       d.     Insight is fully aware that a reasonable level of due diligence is required to
4 insure that all of the content contained in a book full of artwork has been duly licensed or
5 assigned to Insight, and that proper paperwork has been reviewed evidencing those permissions
6 and consents from the artists prior to publication.

7       e.     Anzalone is the CEO/CFO of a company (Sideshow) that creates artistic
8 content based on licensed characters from various media entertainment companies. Anzalone has
9 full knowledge of federal copyright law and the basic requirement for licensing the use of
10 copyrighted content for commercial exploitation and knows that his company cannot use
11 unauthorized works (and derivative works) of others without proper licenses or clearances.
12 Anzalone was the concept creator of the DC Book and had final approvals and full creative
13 control over the contents of the DC Book. Anzalone expressly directed Sideshow staff to remove
14 any credit or mention of Plaintiff in connection with the Works in the DC Book and any
15 advertising materials created in connection therewith as he did not have Plaintiff's consent.
16 Further, Anzalone was well aware that Plaintiff had not consented to being involved in the DC
17 Book at least six months before the publication of the DC Book.

18    30.   On information and belief, Defendants, despite such knowledge, willfully
19 reproduced, publicly distributed for profit and displayed the Works in the DC Book, Defendants'
20 websites, and advertising campaigns related thereto.

21    31.   Defendants have received substantial benefits in connection with the unauthorized
22 reproduction, display, distribution/sale, and utilization of the Works for purposes of trade, the
23 actual revenues received to be determined during discovery for trial.

24    32.   Plaintiff was denied the opportunity to attribute the Works to himself, and to
25 approve or refuse the modifications to his original designs. The actions of Defendants were and
26 are continuing to be performed without permission, license or consent of Plaintiff.

27    33.   The wrongful acts of Defendants have caused, and are causing, great injury to
28 Plaintiff, of which the damages cannot be accurately computed, and unless this Court restrains

Defendants from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law.

34. Because of the willful nature of the copyright infringement, Plaintiff is entitled to an award of statutory damages of up to $150,000 per each infringement of Works 1, 8 and 9.

35. Alternatively, at its discretion, Plaintiff is entitled to actual damages, in an amount to be proven at trial for the infringement of all Works at issue.

36. Plaintiff is also entitled to his attorney fees in prosecuting this action in connection with Works 1, 8 and 9.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's rights in the Works at issue pursuant to 17 U.S.C. §502(a);

2. For an order for the destruction and/or impound of all unsold and distributed products and materials that infringe Plaintiff's copyright in the Works, including but not limited to the DC Book, pursuant to 17 U.S.C. §503(b);

3. For actual damages and future damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5. For statutory damages for each act of (willful) infringement pursuant to 17 U.S.C. §§ 504(a)(2) & (c) for all Works registered prior to the release of the DC Book;

6. For costs and interest (pre and post judgment) pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. §505;

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 for all Works registered prior to the release of the DC Book; and

8. For any such other and further relief as the Court may deem just and appropriate.

RESPECTFULLY SUBMITTED on the 21st day of March 2022.

By: _____

Gretchen O'Neal, Esq.

Attorney for Walter N. O'Neal, III

### DEMAND FOR JURY TRIAL

Plaintiff Walter O'Neal III hereby demands trial by jury of all issues so triable under the law.

RESPECTFULLY SUBMITTED on the 21st day of March 2022.

By: _____

Gretchen O'Neal, Esq.

Attorney for Walter N. O'Neal, III